TARA K. McGRATH
United States Attorney
ALEXANDRA F. FOSTER
Washington, D.C. Bar No. 470096
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel.: (619) 546-6735
Email: Alexandra.Foster@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.: 19CR4488-JLS |
|---|---|
| vs. | ) UNOPPOSED MOTION TO EXCLUDE TIME PURSUANT TO TITLE 18 U.S.C. § 3161(h)(7)(B)(ii) |
| MICHAEL JAMES PRATT (1), aka "Mark," | ) |
| Defendant. | ) DATE: May 31, 2024 <br> ) TIME: 1:30 pm |

On December 3, 2019, the United States of America filed a motion to declare this matter complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) to exclude a period of time in computing the deadline within which the trial of this case must commence under 18 U.S.C. § 3161. On December 4, 2019, the Court granted the motion as to Michael Pratt's co-defendants. At that time, Pratt had not yet been detained.

Defendant Pratt was extradited from Spain and first appeared in Court in the Southern District of California on March 19, 2024. The United States is requesting

that the Court declare this matter complex as to Defendant Pratt and exclude time accordingly. Counsel for Defendant Pratt does not object.

The United States provides the following information in support of its application:

1. As set forth first in the 25-page complaint and then in the 14-page superseding indictment in this case, Defendant is charged with sex trafficking by force, fraud and coercion and production of child pornography for recruiting young women to perform graphic sexual acts, which were filmed and then posted onto Pratt's pornographic websites (GirlsDoPorn and GirlsDoToys). It is the government's position that these women were convinced to do these videos through fraudulent representations --including representations that their videos would not be posted on the internet-- often followed by force and coercion. The United States has charged 16 victims (15 adults and one minor). The alleged criminal conduct spans seven years, 2012 to 2019. Given the number of women who filmed for these websites (over 400) and the length of time covered by the charged offenses, discovery in this matter is extensive.

2. Furthermore, some women who made videos for GirlsDoPorn and/or GirlsDoToys filed a civil claim against the Defendant and his companies, which led to years of litigation and a lengthy trial. *See Jane Doe Nos. 1-22, inclusive, individuals v. girlsdoporn.com, a business organization et al.,* Case no. 37-2016-00019027-CU-FR-CL consolidated with 37-2017-00033321-CU-FR-CTL and 37-2017-00043712-CU-FR-CTL. During the civil litigation, numerous witnesses were deposed, in some cases on multiple occasions. Many of the same witnesses testified in a lengthy civil trial. Some witnesses

1 testified over the course of multiple days. As a result, there are many thousands of pages of deposition and trial transcripts with testimony of witnesses, that could prove relevant to the prosecution and defense in this case.

3. In addition to the materials from the civil case, the United States expects to produce an unusually large amount of materials in discovery stemming from a search warrant executed on the Defendant's business office on October 9, 2019. Pursuant to that search warrant, the FBI seized 24 boxes of documents and 0.6 petabytes of data. (A petabyte is the measurement unit for one quadrillion.)

4. This criminal case is therefore unusual and more complex than a typical criminal prosecution.

5. Title 18, United States Code, Section 3161(h)(7)(B)(ii), provides in pertinent part as follows:

(h) The following periods of delay shall be excluded in computing the time . . . within which the trial of any such offense must commence:

. . .

(7)(A) Any period of delay resulting from a continuance granted by any judge … at the request of the attorney for the Government, if the judge granted such continuance on the basis of his (her) findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

…

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

…

(ii) Whether the case is so unusual or so complex, due to … the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by this section.

//
//

6. WHEREFORE, the United States requests that the Court grant the unopposed motion to exclude time for purposes of the Speedy Trial Act in accordance with the provisions set forth in Section 3161(h)(7)(B)(ii).

Respectfully submitted,

TARA K. McGRATH
United States Attorney

s/ *Alexandra F. Foster*
Assistant United States Attorney