ADAM GORDON
United States Attorney
ALEXANDRA F. FOSTER
Washington, D.C. Bar No. 470096
JOHN N. PARMLEY
California Bar No. 178885
Assistant United States Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6735/7957
Email: alexandra.foster@usdoj.gov/john.parmley@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19CR4488-JLS |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| MICHAEL JAMES PRATT (1), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and Alexandra F. Foster and John N. Parmley, Assistant United States Attorneys, and Defendant MICHAEL JAMES PRATT, with the advice and consent of Brian White, counsel for Defendant, as follows:

## I

## THE PLEA

Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment charging Defendant with:

Plea Agreement

Def. Initials ___

COUNT 1
Conspiracy to Commit
Sex Trafficking by Force, Fraud and Coercion

Beginning on an unknown date, but no later than approximately 2012, and continuing through October 9, 2019, within the Southern District of California and elsewhere, defendants MICHAEL JAMES PRATT, aka "Mark," MATTHEW ISAAC WOLFE, aka "Ben," Ruben Andre Garcia, aka "Jonathan" (charged elsewhere), Theodore Wilfred Gyi, aka "Teddy" (charged elsewhere), and Valorie Moser (charged elsewhere), conspired and agreed with each other and others to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person — to wit, Victims 1-15 — knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause these persons to engage in a commercial sex act, and to benefit financially and receive anything of value from participation in a venture engaged in such acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (a)(2).
All in violation of Title 18, United States Code, Section 1594(c).

COUNT 2
Sex Trafficking by Force, Fraud and Coercion

On or about May 2012, within the Southern District of California and elsewhere, MICHAEL JAMES PRATT, aka "Mark," and MATTHEW ISAAC WOLFE, aka "Ben," knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited Victim 1, and benefitted financially and by receiving anything of value from participation in a venture, which recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 1, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause Victim 1 to engage in a commercial sex act; in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2 and Pinkerton v. United States, 328 U.S. 640 (1946).

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

Plea Agreement                    2                    Def. Initials **M**
                                                        19CR4488-JLS

## II

## **NATURE OF THE OFFENSE**

A.    ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

### Count 1 - Conspiracy to Commit Sex Trafficking by Force, Fraud and Coercion

1. The defendant agreed with one or more persons to knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize or solicit a person to engage in a commercial sex act by force, threat of force, fraud or coercion.

2. The conspiracy was in or affecting interstate or foreign commerce.

### Count 2 - Sex Trafficking by Force Fraud and Coercion

1. The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited Victim 1;

2. The defendant knew or recklessly disregarded the fact that force, threats of force, fraud or coercion would be used to cause Victim 1 to engage in a commercial sex act; and

3. The act was in or affected interstate or foreign commerce.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

//

Plea Agreement

3

Def. Initials ⁣ᴍᴘ

19CR4488-JLS

Count One (Conspiracy)

1.  Beginning in at least 2012 and continuing up to October 2019, Defendant participated in a conspiracy with Matthew Isaac Wolfe, Ruben Andre Garcia, Theodore Wilfred Gyi, Valorie Moser, and others, to recruit, entice, harbor, transport, provide, obtain, maintain, patronize or solicit Victims 1-15, as identified in the Superseding Indictment, and others, to engage in commercial sex acts using force, fraud and coercion.

2.  Defendant was the owner and operator of the pornography website girlsdoporn.com. Girlsdoporn.com featured sex videos of young adult women appearing in their first pornographic video.  Defendant came up with the idea for the website, recruited women to appear in the videos, sometimes transported the women to and from the site of the video shoot, sometimes manned the camera for the videos, and otherwise managed the business.

3.  In around 2012, Defendant recruited Wolfe to work for him.  In around 2013, Defendant recruited Garcia.  Garcia was the male model who engaged in the sex acts on video with the women, and Wolfe operated girlsdoporn.com and girlsdotoys.com, which featured many of the same women appearing in pornographic videos with sex toys.  The two websites, girlsdoporn.com and girlsdotoys.com, were run by Defendant as a single business venture.  Both websites were supported by the same employees operating out of a shared office in San Diego.

4.  Girlsdoporn.com and girlsdotoys.com charged visitors a subscription fee to access the websites' content. The websites generated millions of dollars in revenue for Pratt.

5.  Throughout the conspiracy, girlsdoporn.com and girlsdotoys.com received millions of views. To promote the websites, video content from both sites was posted on free porn sites such as Pornhub.com, one of the world's most visited websites. The videos from girlsdoporn.com and girlsdotoys.com posted on pornhub.com were often viewed millions of times according to PornHub's own view counters.

6.  To recruit young women to appear in videos for the websites, Defendant and some of his employees (at Defendant's direction) often told the prospective models that their sex videos would never be posted on-line, that the videos would never be released in the United States, and that no one who knew the women would ever find out about the video, representations that Defendant and other members of the conspiracy knew were false. Women from various cities throughout the United States and Canada were recruited to appear in videos based on these material misrepresentations.

7.  As a part of the scheme, Garcia paid young women ("Reference Girls") to falsely reassure prospective models that the videos would not be posted on-line and that none of the models' friends, families, colleagues

1    or classmates would ever find out.  Garcia hired the

2    Reference Girls, because he believed that the victims

3    were more likely to believe other young women.  Defendant

4    paid the Reference Girls a fee for each model that they

5    attempted to recruit.

6    8.   As a part of the scheme, Defendant and other members of

7    the conspiracy took steps to ensure that the victims did

8    not find out that Defendant and the other members of the

9    conspiracy owned and operated girlsdoporn.com and

10   girlsdotoys.com.  These steps included the intentional

11   omission of any reference to the websites in statements

12   that Defendant and others made to prospective models and

13   in company names and documents, including the contracts

14   that the prospective models signed.  The business was

15   instead often identified by innocuous names, such as

16   "Begin Modeling," "Bubblegum Casting" or "BLL Media."

17   9.   Most of the sex videos created as a part of the

18   conspiracy were shot at hotels or short term rental units

19   in the San Diego area.  Defendant, Wolfe and Gyi served

20   as the camera men for these video shoots.

21   10.  Once the women arrived at the hotel or short term rental

22   unit, Defendant, Garcia, Wolfe and/or Gyi continued to

23   falsely assure the women that the videos would not be

24   posted on-line and that no one who knew the victims would

25   find out.  The women were told that the contracts simply

26   said what the women had already been told, including

27   that the videos would not be posted on-line.  Women were

28

Plea Agreement

6

Def. Initials  MP

19CR4488-JLS

1   not provided with a copy of the contracts that they

2   signed, even though some of them asked for copies.

3   11.  If the women told Defendant or his co-conspirators that

4        they wanted to stop making the video, the Defendant or

5        his co-conspirators threatened to sue the women, cancel

6        flights home, and post the videos on-line if they did

7        not complete the sex videos.

8   12.  Defendant became aware that personal identifying

9        information and social media accounts for some models

10       were being posted on pornwikileaks.com, a site dedicated

11       to "exposing" the true identities of individuals

12       appearing in sex videos.  Even after Defendant became

13       aware of this, Defendant instructed his employees to

14       assure prospective models that no one would ever find

15       out about their video shoot or learn their identity.

16  Count Two (Victim 1)

17  13.  In approximately May 2012, Defendant, using the alias

18       "Matt," recruited Victim 1.  The original Craigslist

19       advertisement was for modeling, and it was posted under

20       the name Bubblegum Casting.  Victim 1 responded to the

21       ad and communicated with Defendant.  Defendant explained

22       that the job was actually to shoot an "adult video."  He

23       falsely assured Victim 1 that her video would only be

24       seen in Australia by private clients and would not be

25       posted on the internet.  Victim 1 was 18 years old at

26       the time of these conversations.

27

28

Plea Agreement                          7                    Def. Initials ᴍ

                                                             19CR4488-JLS

14.  Victim 1 initially declined, but Defendant referred her to a Reference Girl to convince Victim 1 to do the video and reassure Victim 1 that her video would not be posted on-line.

15.  Relying upon the Defendant's and the Reference Girl's assurances, Victim 1 traveled from another state outside of California to San Diego for the video shoot. Defendant picked Victim 1 up at the airport and drove her to a hotel in San Diego. Defendant operated the camera. He directed and filmed the sex video.

16.  Prior to making the video, Defendant rushed Victim 1 through a contract and did not provide her with a copy. Defendant had promised Victim 1 that the video would take 30 minutes, but it took hours to film. Once the video was done, Defendant gave Victim 1 $2,000.

17.  Victim 1's video was posted on girlsdoporn.com approximately nine months after the shoot.

18.  Victim 1 contacted Defendant after her video was posted to the girlsdoporn website and begged Defendant to take her video down. Defendant did not reply and did not take the video down.

## III

## **PENALTIES**

The crimes to which Defendant is pleading guilty carry the following penalties:

### Count 1

A.  a maximum term of life in prison;

Def. Initials _____

19CR4488-JLS

B.     a maximum $250,000 fine;

C.     a mandatory special assessment of $100 per count;

D.     an additional mandatory special assessment of $5,000 per count pursuant to 18 U.S.C. § 3014;

E.     a term of supervised release of not less than 5 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

F.     an order from the Court pursuant to 18 U.S.C. § 3663A that defendant make mandatory restitution to the victims of the offense of conviction, or the estates of the victims. Defendant understands that the Court shall also order restitution to persons other than the victims of the offense of conviction, as agreed to by the parties in this plea agreement;

G.     registration as a sex offender under the Sex Offender Registration and Notification Act**;

H.     potential ineligibility for federal benefits; and

I.     Defendant has been advised by counsel and understands that, because Defendant is not a citizen of the United States, Defendant's conviction in this case may have adverse immigration consequences, including Defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

//

Plea Agreement

9

Def. Initials __M__

19CR4488-JLS

Count 2

A. a term of imprisonment of not less than 15 years; a maximum term of life in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. an additional mandatory special assessment of $5,000 per count pursuant to 18 U.S.C. 3014;

E. a term of supervised release of not less than 5 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

F. an order from the Court pursuant to 18 U.S.C. § 3663A that defendant make mandatory restitution to the victims of the offense of conviction, or the estates of the victims;

G. registration as a sex offender under the Sex Offender Registration and Notification Act**;

H. potential ineligibility for federal benefits; and

I. Defendant has been advised by counsel and understands that, because Defendant is not a citizen of the United States, Defendant's conviction in this case may have adverse immigration consequences, including Defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

**Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: "I am required to

register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both."

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.    Not testify or have any adverse inferences drawn from the failure to testify.

//
//

Plea Agreement

11

Def. Initials __M__

19CR4488-JLS

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
**PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY**
**PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

Plea Agreement                                12                    Def. Initials _M_

19CR4488-JLS

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

//

Plea Agreement                    13                Def. Initials _____
19CR4488-JLS

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2G1.1] | 34 |
| 2. | More than 10 Victims [§ 2G1.1, App. Note 6] | +3 |
| 3. | Aggravating Role [§ 3B1.1] | +4 |
| 4. | Acceptance of Responsibility [§ 3E1.1] | -3 |

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

Plea Agreement

14

Def. Initials **M**

19CR4488-JLS

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

//

//

//

Plea Agreement

15

Def. Initials _W____

19CR4488-JLS

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend a sentence of 260 months.

G.    SPECIAL ASSESSMENTS/FINE/RESTITUTION

    1.    Special Assessments

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction. The Government will recommend that the Court impose an additional mandatory special assessment of $5,000 per count pursuant to 18 U.S.C. § 3014.

    2.    Fine

The parties will not recommend imposition of a fine.

    3.    Restitution

An order of restitution in an amount determined by the Court is mandatory pursuant to 18 U.S.C. § 1593.

H.    SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime

Plea Agreement

16

Def. Initials __M__

19CR4488-JLS

charged. The only exceptions are that (1) Defendant may appeal a custodial sentence above 260 months; and (2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

**XII**

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;

2. Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

Plea Agreement

17

Def. Initials ____

7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed,

Plea Agreement

18

Def. Initials __M__

19CR4488-JLS

1 cannot be used by the Government, or are inadmissible under the United

2 States Constitution, any statute, Rule 410 of the Federal Rules of

3 Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and

4 any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

05/30/2025
_____
DATED

_____
ALEXANDRA F. FOSTER
JOHN N. PARMLEY
Assistant U.S. Attorneys

5-30-25
_____
DATED

_____
BRIAN WHITE
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

5-30-25
_____
DATED

_____
MICHAEL JAMES PRATT
Defendant

Plea Agreement

20

Def. Initials _MP_

19CR4488-JLS