ADAM GORDON
United States Attorney
ALEXANDRA F. FOSTER
D.C. Bar No. 470096
JOHN N. PARMLEY
Assistant United States Attorney
California State Bar No. 178885
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7957
Email: John.Parmley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL PRATT (1),<br><br>      Defendant. | Case No.: 19-CR-4488-JLS<br><br>**United States' Response to Defendant's Objections to the Presentence Report**<br><br>Date: September 8, 2025<br>Time: 9:00 a.m.<br><br>Honorable Janis L. Sammartino |

    Defendant has filed two objections to the very thorough Presentence Report. The United States hereby files its response below.

## Objections

*1. Defendant's Objection to the Denial of Acceptance of Responsibility*

    Defendant argues that he should receive all three points for Acceptance of Responsibility. The Government agrees.

    As the Defendant points out, he pled guilty to Counts One and Two in his plea agreement, and his statements to the PSR writer did not substantively contradict the facts underlying his plea to those counts. The Government agrees and is therefore asking the Court to sustain this objection.

Under U.S.S.G. § 3E1.1(a) "Acceptance of Responsibility," the Court should decrease the offense level by two "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Defendant gets one more point under U.S.S.G. § 3E1.1(b) "upon motion of the government stating that the defendant has assisted authorities in the … prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." The Defendant pled guilty sufficiently in advance of trial to warrant the government moving for the additional point under U.S.S.G. § 3E1.1(b). The remaining question is whether he qualifies for the two points under U.S.S.G. § 3E1.1(a).

Application Note 1(A) in the Commentary underlying U.S.S.G. § 3E1.1 reads as follows:

> 1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:
> (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). *Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a).* A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous….

Here, the Defendant disagreed with the PSR writer as to his culpability on a count to which he did not plead guilty and minimized the extent of his involvement in certain aspects of the charged offenses. ECF Dkt. 452 at ¶¶ 91-94. Specifically, Defendant told the PSR writer that he was unaware of the age of the victim in Count 18; that third parties beyond his control posted the victims' information on-line; and that he personally would stop filming if women expressed that they wanted to stop. ECF Dkt. 452 at ¶¶ 91-93. He also declined to discuss his motivation or his remorse. ECF Dkt. 452 at ¶ 94.

The Government's position is that these disagreements with the PSR writer do not rise to such a level as to warrant denial of acceptance of responsibility. Defendant "elected to adopt the factual basis as set forth in the plea agreement." *See* ECF Dkt. 452 at ¶¶ 80-90. He did not plead guilty to Count 18. He conceded in his plea agreement that he became "aware that personal identifying information and social media accounts for some models were being posted on pornwikileaks.com, a site dedicated to 'exposing' the true identities of individuals appearing in sex videos. Even after Defendant became aware of this, Defendant instructed his employees to assure prospective models that no one would ever find out about their video shoot or learn their identity." ECF Dkt. 450 at p. 7, ¶ 12. He also conceded that he hired co-Defendants Ruben Andre Garcia, Theodore Gyi and Matthew Wolfe; that he was the owner and operator of GDP; and that "[i]f the women told Defendant or his co-conspirators that they wanted to stop making the video, the Defendant or his co-conspirators threatened to sue the women, cancel flights home, and post the videos on-line if they did not complete the sex videos." ECF Dkt. 450 at p. 4, ¶¶ 2,3 and 11. This information should suffice to cover the Defendant's culpability in the offenses of conviction and related conduct. Because a "defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a)," the Court should grant the Defendant's motion, and address Defendant's motivation and remorse in the context of mitigation under 18 USC §3553.

2. Defendant's "Specific Objections to the PSR"

As to the Defendant's Specific Objections to the PSR, the Government first notes that the Defendant objects to statements where the PSR writer is summarizing the overall scheme, which covers years and includes multiple Defendants. ECF Dkt. 453 at p. 4-7.

To the extent that Defendant objects to his personal involvement, the Government points the Court to Defendant's Plea Agreement. For example, in his Plea Agreement, the Defendant concedes, "As a part of the scheme, Defendant and other members of the conspiracy took steps to ensure that the victims did not find out that Defendant and the other

members of the conspiracy owned and operated girlsdoporn.com and girlsdotoys.com. These steps included the intentional omission of any reference to the websites in statements that Defendant and others made to prospective models and in company names and documents, including the contracts that the prospective models signed. The business was instead often identified by innocuous names, such as 'Begin Modeling,' 'Bubblegum Casting' or 'BLL Media.'" ECF Dkt. 450 at p. 6, ¶ 8. One could understand why the PSR writer would refer to Bubblegum Casting, Begin Modelling, and BLL Media as "fake." Whether these companies were properly registered legal entities --as Defendant asserts in his first Specific Objection (ECF Dkt. 453 at p.4)—misses the point.

Similarly, Defendant asserts that he never told models that the videos were made for "private collectors overseas." ECF Dkt. 453 at p.4. Defendant does, however, concede that he "and some of his employees (at Defendant's direction) often told the prospective models that their sex videos would never be posted on-line, that the videos would never be released in the United States, and that no one who knew the women would ever find out about the video, representations that Defendant and other members of the conspiracy knew were false." ECF Dkt. 450 at p. 5, ¶ 6.

## Conclusion

In conclusion, the Government asks the Court to sustain the Defendant's objection concerning denial of acceptance of responsibility. As to Defendant's Specific Objections, the Government notes that they are largely factual disputes concerning the PSR writer's summary of the scheme, and points the Court to the Plea Agreement to address the Defendant's involvement in the scheme.

Dated:        August 29, 2025         Respectfully Submitted,

ADAM GORDON
United States Attorney

*s/ Alexandra F. Foster*
ALEXANDRA F. FOSTER
JOHN N. PARMLEY
Assistant United States Attorneys