UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL JAMES PRATT (1),<br>  a.k.a. "Mark,"<br><br>  Defendant. | Case No.  19cr4488-JLS<br><br>ORDER OF CRIMINAL FORFEITURE and ORDER VACATING RESTITUTION HEARING |

WHEREAS, in the Superseding Indictment and Bill of Particulars the United States sought forfeiture of all right, title, and interest in properties of Defendant MICHAEL JAMES PRATT, aka "Mark" ("Defendant"), pursuant to 18 U.S.C. §§ 1594(d) and (e), as any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense, and all property, real or personal,  used or intended to be used to commit or to facilitate the commission of the offense set forth in Counts 1 through 16, and 18 which charged violations of 18 U.S.C. §§ 1594(c), 1591(a)(1), 1591(a)(2), 1591(c), and 2 in the Superseding Indictment; pursuant to 18 U.S.C. §§ 2253(a)(2) and 3 as any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense, and any property real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property set forth in Count 17 which charged violation of 18 U.S.C. §

2251(a) and 2251(e) in the Superseding Indictment; and pursuant to 18 U.S.C. § 982(a)(1) all property involved in the offense, and all property traceable to such property set forth in Count 19 which charged violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h) in the Superseding Indictment; and

      WHEREAS, on or about June 5, 2025, Defendant pled guilty before this Court to Counts 1 and 2 of the Superseding Indictment, charging the defendant with Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion and Sex Trafficking by Force, Fraud, and Coercion in violations of 18 U.S.C. §§ 1594(c), 1591(a)(1), 1591(a)(2), and 2.

      WHEREAS, on or about November, 2025 Defendant agreed to forfeit to the United States all property of the Defendant, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses, and all property, real or personal, used or intended to be used to commit or to facilitate the commission of the offenses set forth in Counts 1 and 2 of the Superseding Indictment, which charged a violation of 18 U.S.C. §§ 1594(c), 1591(a)(1), 1591(a)(2), and 2, and forfeitable pursuant to 18 U.S.C. § 1594(d):

    (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

    (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant is pleading guilty, including:

    a. Approximately 0.61096499 Bitcoin seized from wallet #XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX5D4d belonging to Michael Pratt

    b. Approximately 3.34207883 of Bitcoin seized from wallet ID XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXtu2y belonging to Michael Pratt at San Diego, CA;

    c. Approximately .40164883 of Bitcoin seized from wallet ID XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX3xt6 belonging to Michael Pratt;

d. $2,400.00 U.S. Currency;

e. One black Apple iPhone 7, Model: A1778 FCC ID BCG-E3091A;

f. Silver Apple MacBook Pro Serial No. XQV5X260FO;

g. Silver and Blue Redmi Cellphone Serial No. 36553/62VM00120;

h. White Apple iPhone with black case;

i. Silver LaCie Hard Drive with orange cover;

j. Business Documents (identified as item numbers 24, 26, 27);

k. One document; "Alex Morales freelance reporter";

l. Business documents, fourteen blue Blu-Ray Discs, sixty four Sony mini cassette tapes (identified as item number 28);

m. Six clear plastic bins with black top filled w/ documents (identified as item numbers 33A, 33B, 33C, 33D, 33E, 33F);

n. Three black accordion file folders w/ documents;

o. One black plastic file cabinet w/ documents;

p. Six Boxes containing Pendaflex folders (identified as item numbers 36A, 36B, 36C, 36D, 36E, 36F);

q. Business documents, list of girls names, printed photographs of females;

r. Business documents with girls names and DOBs, vehicle registration document, and scrips;

s. Purple folder w/ W9 documents, nondisclosure agreements;

t. Business records (identified as item 128);

u. Blank modeling documents;

v. Intel NUC, Model: DN2820FYK, (labeled with tape as "DSL 1");

w. ASUS VivoPC, Model: VM40B, serial Number: F1MSBX002370, (labeled with tape as "DSL 2");

x. ASUS VivoPC, Model: VM40B, serial Number: F1MSBX003365, (labeled with tape as "CABLE 1");

1    y. ASUS VivoPC, Model: VM40B, serial Number: E3MSBX073641, (labeled
2        with tape as "CABLE 2");
3    z. Four silver and black Ledger crypto wallets 3/15/ 2024;
4    aa. One silver and black Ledger crypto wallet with seed/pass phrase in box
5        3/15/2024;
6    bb. One Doubletree by Hilton receipt;
7    cc. One red bag of sex toys;
8    dd. Miscellaneous documents (identified as item 54);
9    ee. One box of miscellaneous documents (identified as item 64);
10   ff. Three blank business checks, #1959-1961 in the name of Excess
11       Publications LLC;
12   gg. One orange notebook with writing;
13   hh. Monitoring agreement, mail;
14   ii. Two BLL Media Inc checks (one for $2,841.80 and one for $3,183.70);
15   jj. Receipt book;
16   kk. Two Western Union receipts;
17   ll. Tax documents, apartment lease, employee handbook;
18   mm. Rental agreement and miscellaneous documents (identified as item 132);
19   nn. Signed contracts;
20   oo. One receipt for $308.00 (identified as item 134);
21   pp. Bank routing information;
22   qq. Rental agreements (identified as item 137);
23   rr. One plastic gray bin with discs;
24   ss. One Solamar Hotel receipt;
25   tt. Miscellaneous receipts inside cardboard box;
26   uu. One silver LG cell phone;
27   vv. One piece of blue paper with handwriting on back;
28   ww. One Sony blu-ray disc BDR 25GB in case;

1     xx. Eleven data cartridges; and,

WHEREAS, by virtue of said guilty plea and the parties' joint motion for preliminary order of criminal forfeiture, the United States is now entitled to possession of above-referenced specific properties pursuant to 18 U.S.C. § 1594(d) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the parties having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The United States is hereby authorized to take custody and control of the following assets, and all right, title, and interest of Defendant MICHAEL JAMES PRATT, aka "Mark", in the specific properties are hereby forfeited to the United States pursuant to 18 U.S.C. § 1594(d) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

   (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

   (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant is pleading guilty, including:

     a. Approximately 0.61096499 Bitcoin seized from wallet #XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX5D4d belonging to Michael Pratt

     b. Approximately 3.34207883 of Bitcoin seized from wallet ID XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXtu2y belonging to Michael Pratt at San Diego, CA;

     c. Approximately .40164883 of Bitcoin seized from wallet ID XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX3xt6 belonging to Michael Pratt;

d. $2,400.00 U.S. Currency;

e. One black Apple iPhone 7, Model: A1778 FCC ID BCG-E3091A;

f. Silver Apple MacBook Pro Serial No. XQV5X260FO;

g. Silver and Blue Redmi Cellphone Serial No. 36553/62VM00120;

h. White Apple iPhone with black case;

i. Silver LaCie Hard Drive with orange cover;

j. Business Documents (identified as item numbers 24, 26, 27);

k. One document; "Alex Morales freelance reporter";

l. Business documents, fourteen blue Blu-Ray Discs, sixty four Sony mini cassette tapes (identified as item number 28);

m. Six clear plastic bins with black top filled w/ documents (identified as item numbers 33A, 33B, 33C, 33D, 33E, 33F);

n. Three black accordion file folders w/ documents;

o. One black plastic file cabinet w/ documents;

p. Six Boxes containing Pendaflex folders (identified as item numbers 36A, 36B, 36C, 36D, 36E, 36F);

q. Business documents, list of girls names, printed photographs of females;

r. Business documents with girls names and DOBs, vehicle registration document, and scrips;

s. Purple folder w/ W9 documents, nondisclosure agreements;

t. Business records (identified as item 128);

u. Blank modeling documents;

v. Intel NUC, Model: DN2820FYK, (labeled with tape as "DSL 1");

w. ASUS VivoPC, Model: VM40B, serial Number: F1MSBX002370, (labeled with tape as "DSL 2");

x. ASUS VivoPC, Model: VM40B, serial Number: F1MSBX003365, (labeled with tape as "CABLE 1");

1     y. ASUS VivoPC, Model: VM40B, serial Number: E3MSBX073641, (labeled
2        with tape as "CABLE 2");
3     z. Four silver and black Ledger crypto wallets 3/15/ 2024;
4     aa. One silver and black Ledger crypto wallet with seed/pass phrase in box
5        3/15/2024;
6     bb. One Doubletree by Hilton receipt;
7     cc. One red bag of sex toys;
8     dd. Miscellaneous documents (identified as item 54);
9     ee. One box of miscellaneous documents (identified as item 64);
10    ff. Three blank business checks, #1959-1961 in the name of Excess
11       Publications LLC;
12    gg. One orange notebook with writing;
13    hh. Monitoring agreement, mail;
14    ii. Two BLL Media Inc checks (one for $2,841.80 and one for $3,183.70);
15    jj. Receipt book;
16    kk. Two Western Union receipts;
17    ll. Tax documents, apartment lease, employee handbook;
18    mm. Rental agreement and miscellaneous documents (identified as item 132);
19    nn. Signed contracts;
20    oo. One receipt for $308.00 (identified as item 134);
21    pp. Bank routing information;
22    qq. Rental agreements (identified as item 137);
23    rr. One plastic gray bin with discs;
24    ss. One Solamar Hotel receipt;
25    tt. Miscellaneous receipts inside cardboard box;
26    uu. One silver LG cell phone;
27    vv. One piece of blue paper with handwriting on back;
28    ww. One Sony blu-ray disc BDR 25GB in case;

      xx. Eleven data cartridges; and,

2. The aforementioned forfeited assets are to be held by the United States Marshals Service and the Federal Bureau of Investigation in its secure custody and control for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties as to the forfeited properties only. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject

of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned properties, in which all interests will be addressed.

8. This Order of Forfeiture is final as to the Defendant and shall be included in the judgment.

IT IS FURTHER ORDERED that the Restitution Hearing scheduled for December 19, 2025 is **Vacated**.

**IT IS SO ORDERED.**

Dated: November 18, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge