

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JAMES PRATT (1),<br><br>Defendant. | Case No.:  19CR4488-JLS<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION REGARDING RESTITUTION AND OVERRULING VICTIM JANE DOES NOS. 1-22 OPPOSITION**<br><br>**[ECF No. 491]** |

Pending before the Court is a motion regarding restitution filed by Plaintiff United States of America and unopposed by Defendant Michael James Pratt (ECF No. 491). Victim Jane Does Nos. 1-22 (the "Jane Doe victims") filed an opposition to Plaintiff's motion (ECF No. 495), Plaintiff filed a response (ECF No. 500), and the Jane Doe victims filed a reply (ECF No. 501).  Having reviewed these submissions and the applicable legal authorities, the Court concludes that pro rata distribution of the restitution proceeds in this case is the only fair, equitable, and practical option given the vast scope of Defendant's offenses and the number of victims involved.  Accordingly, the Court declines to grant priority to the Jane Doe victims and will grant Plaintiff's unopposed motion regarding restitution.

/ / /

## Background

Defendant Michael James Pratt was the owner and operator of the pornography website GirlsDoPorn which featured sex videos of young adult women appearing in their first pornographic videos.  Plea Agreement, ECF No. 450 at 4.  Over a seven-year period beginning in 2012, Defendant Pratt conspired with others to entice young women to travel to San Diego and participate in pornographic videos under false pretenses and assurances, ultimately generating millions of dollars in revenue for Defendant Pratt.  *Id.*, at 4-6.

In 2015, a group of Pratt's victims, the Jane Doe victims, retained attorneys to secure the rights to their videos, obtain compensation for their injuries, and to stop Defendant and his co-conspirators from continuing to victimize other women.  Victims' Oppo., ECF No. 495 at 2.  This culminated in the 2016 filing of the first of three consolidated lawsuits against Pratt and his co-conspirators in the San Diego Superior Court.  *Id.*  During the course of this civil litigation, the Jane Doe victims participated in an extensive, privately funded investigation of Pratt and his associates and shared the results of the investigation with the U.S. Department of Justice.[1]  *Id.*  The Jane Doe victims also endured vicious harassment in retaliation for the lawsuit, both on the internet and in the litigation, by Pratt, his co-conspirators, and his attorneys.  *Id.*  Following a trial which commenced in August 2019, the San Diego Superior Court issued a Statement of Decision finding Defendant Pratt and his co-defendants liable for more than $12 million in damages.  ECF No. 495-2.

On November 6, 2019, Defendant and his co-conspirators were indicted in this Court and charged with conspiracy to commit sex trafficking by force, fraud and coercion, production of child pornography, sex trafficking of a minor and by force, fraud and coercion, and multiple counts of sex trafficking by force, fraud and coercion.  ECF No. 34.

---

[1]    Plaintiff takes no position regarding the Jane Doe victims' factual recitation concerning the civil suit but notes that any discovery received from the victims' counsel was "pursuant to Court process and added to the evidence accumulated through the execution of a search warrant at the [GirlsDoPorn] business in October 2019, hundreds of witness interviews, and other evidence gathered by the Government through separate court process."  ECF No. 500 at 3.

19CR4488-JLS

On June 5, 2025, Defendant  pled guilty to Counts One and Two of a superseding indictment charging him with a seven-year conspiracy to commit sex trafficking by force, fraud, and coercion and a substantive count of sex trafficking by force, fraud, and coercion all in violation of 18 U.S.C. §§ 1594(c) and 1591(a)(1) and (2).  ECF No. 450.  Defendant was sentenced on September 8, 2025, to a term of imprisonment of 324 months and 10 years' supervised release.  ECF No. 466.  A future restitution hearing was ultimately scheduled for December 19, 2025, and then vacated by the Court.  Before a new restitution hearing was scheduled, Plaintiff filed its unopposed motion regarding restitution seeking restitution in the total amount of $75,129,939.71.[2]  ECF No. 491 at 3.  This figure includes gross income for over 500 models and specific losses for 106 victims.  ECF No. 500 at 5.

### Analysis

The proposed orders submitted with Plaintiff's unopposed motion regarding restitution seek payment to the victims on a pro rata basis.  The Jane Doe victims oppose the order only to the extent that it proposes pro rata distribution.  The Jane Doe victims seek priority in the distribution of restitution pursuant to 18 U.S.C. § 3664(i) and propose that half of the funds available to pay restitution be used to satisfy their restitution requests while the other half of the proceeds be distributed among the remaining victims.  The Jane Doe victims maintain that this approach is equitable given their efforts to file the civil lawsuit, the harassment they received as a result, and the valuable assistance they provided to the Government to assist with the investigation and prosecution in this criminal case.

The Court is required to order restitution for the full amount of the victims' losses for the offenses of Defendant Pratt's conviction.  18 U.S.C. § 1593.  This obligation extends

---

[2]  In its response to the Jane Doe victims' opposition to the unopposed restitution, Plaintiff indicates that the agreement for restitution was in the total amount of $75,568,283.46.  ECF No. 500 at 1.  The Court received two proposed orders regarding restitution, one submitted on the day the motion was filed and a second amended order submitted on December 17, 2025.  Both orders, however, set forth the total amount figure of $75,129,939.71.  In addition, both proposed orders reference an "Attachment A" to be filed under seal (as does Plaintiff's unopposed motion regarding restitution) which has not been submitted to the Court.

19CR4488-JLS

to all victims of Defendant's criminal conduct and the Court's guiding principle is to make the distribution equitable and fair.  Although the Court has no doubt that the Jane Doe victims endured significant hardship and expense throughout the civil litigation, the Court is not persuaded that prioritizing their recovery from the restitution proceeds is fair and equitable to the remaining victims of Defendant Pratt and his criminal scheme.  Despite the extraordinary efforts undertaken by the Jane Doe victims, the Court declines to place them on greater footing than the other victims in this case.   The additional expense and injury suffered by the Jane Done victims during their civil lawsuit is reflected in their $12 million civil judgment from the San Diego Superior Court, but the injury they suffered as a result of the criminal offenses charged in this case was similar to that of the entire class of victims of Defendant Pratt.

Furthermore, the Jane Doe victims' request for a greater restitution payment than the remaining victims would be impossible to effectuate under 18 U.S.C. § 3664(i).  That statute, relied upon by the Jane Doe victims, provides that the Court may set different payment schedules among multiple victims, "based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim."  Thus, even if the Court were inclined to factor in the damages relating to the civil lawsuit in apportioning restitution, the Court would be required to undertake an individualized analysis with respect to every victim in this case.  Given the 500 victims in this case and the seven-year span of the conspiracy, this would be impossible to accomplish.  In similar situations, courts have recognized that pro rata distribution is the most equitable solution.  *See, e.g., United States v. Hayes*, Crim. No. 09-91(1)(DWF), 2011 WL 4583822 at *4 (D. Minn. Sept. 30, 2011) (recognizing that pro rata basis distribution only "practical, fair, or equitable" solution in case involving fraudulent scheme spanning eight years and involving 115 victims); *United States v. Ward*, No. 12 CR 353, 2015 WL 13863507 (N.D. Ill. May 12, 2015) (recommending pro rata distribution as the most equitable solution in multi-victim case where one victim's request for priority would deplete available funds for restitution to the detriment of other victims.).

19CR4488-JLS

**Conclusion**

Given the scope of the criminal conduct and number of victims involved in this case, the Court finds that pro rata distribution of restitution proceeds is the only fair, equitable, and practical option.  Accordingly, Plaintiff's unopposed Motion Regarding Restitution (ECF No. 491) is **Granted** and the Jane Doe victims' opposition is **Overruled**.  Plaintiff shall submit a proposed restitution order (including any attachments) reflecting the parties' agreement.

IT IS SO ORDERED.

Dated:  February 3, 2026

Hon. Janis L. Sammartino
United States District Judge

5

19CR4488-JLS