UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

_____
                              )
UNITED STATES OF AMERICA,     )
                              ) Case No. 19-CR-04488-JLS
            Plaintiff,        )
                              ) Tuesday, February 4, 2025
v.                            )
                              ) Status Hearing
MICHAEL JAMES PRATT,          )
                              )
            Defendant.        )
_____)


BEFORE THE HONORABLE JANIS L. SAMMARTINO

UNITED STATES DISTRICT JUDGE


REPORTER'S TRANSCRIPT OF PROCEEDINGS

PAGES 1 THROUGH 11


APPEARANCES:

    For Plaintiff:   UNITED STATES ATTORNEY'S OFFICE
                     880 Front Street, Suite 6293
                     San Diego, California  92101-8807
                     BY:  ALEXANDRA FOSTER, AUSA
                     BY:  JOHN PARMLEY, AUSA

    For Defendant:   LAW OFFICE OF BRIAN J. WHITE
                     4320 Iowa St.
                     San Diego, California  92104
                     BY:  BRIAN J. WHITE, ESQ.

    Reported By:     Stephanie Whitehead, RDR, CRR, CRC, CVR.
                     CSR No. 10093
                     District Court Clerk's Office
                     333 West Broadway, Suite 420
                     San Diego, California  92101
        *(Reported stenographically; transcribed via computer)*

<u>**TUESDAY, FEBRUARY 4, 2025; 10:02 A.M.**</u>

\*          \*          \*

*THE CLERK:*  Matter number one:  19-CR-04488, United States of America v. Michael James Pratt, for status hearing.

*MR. WHITE:*  Good morning, your Honor.  Brian White on behalf of Mr. Pratt.  He's present in custody.

*THE COURT:*  Okay.  Good morning.

*MS. FOSTER:*  Good morning, your Honor.  Alexandra Foster and John Parmley for the United States.

*MR. PARMLEY:*  Good morning, your Honor.

*THE COURT:*  Good morning.  Good morning.

I asked you all to come in because I learned of your request via an e-mail that you had sent, Mr. White, to Adrianna.  And she communicated that to me, and I just thought it would be easier to come in and have a status and hear what you had in mind, I'll hear from the Government, and then I'll tell you what we're going to do, if anything.

*MR. WHITE:*  Okay.  Okay.  I know it's kind of an unusual request, but I think that in this case, obviously, the exposure is quite high.  The Court knows this case. It's a very sensitive case, and I think there's -- I think there's a high desire to see if we can resolve the case. I think the expectations of the parties may be pretty far

apart, so I think sometimes it's good to have a neutral third party who's experienced in these matters be able to kind of weigh in on both sides and see if we can reach a meeting of the minds.  So we have -- I know Judge Berg has gotten involved in doing some settlements at the request of other District Court judges.

THE COURT:  Well, I'm curious about that.  So what has he been doing?

MR. WHITE:  I think it's kind of --

THE COURT:  I mean, I know about the civil side, but now you're saying this is occurring on the criminal side?

MR. WHITE:  It's occurring on the criminal side. So I know it's unusual, but I think when -- and this is probably a little more anecdotal evidence I have than anything concrete -- but I think in some more difficult cases the District Court judges have asked Judge Berg to see if he can facilitate negotiations between the parties in criminal cases.

THE COURT:  Anything specifically you can tell me?

MR. WHITE:  I don't -- I'm not aware of any of, like, the general facts.  You know, he hasn't disclosed that to me, obviously.  But I can tell the Court that I did contact Judge Berg's chambers and asked if he would be

willing to facilitate us, and his response was that he would be, but he did not want to do anything until he had your -- your blessing, so to speak.

THE COURT: Okay.

MR. WHITE: So I think -- you know, I think both sides have a significant interest in resolving this case, for obvious reasons, so I think it would be -- I think it would be beneficial for us to sit down with a third party to see if we can bridge what gaps exist. So that's kind of my perspective.

THE COURT: Okay.

MR. WHITE: You know, it's a significant case, and I'm trying to make a good-faith effort to get it resolved and save everybody from having to go through a trial, if possible.

THE COURT: Sure.

MR. WHITE: So I'm thinking a little bit outside the box and thought that this might be a viable alternative.

THE COURT: Okay. Very well.

Ms. Foster, go ahead. Tell me your thoughts, ma'am.

MS. FOSTER: Your Honor, I think we all appreciate what Mr. White is trying to do here. I would agree that obviously our position is that Mr. Pratt is facing a significant amount of time in jail and that this

Court is very aware of these cases since this Court has handled multiple sentencings in these cases.

Our position is that if Mr. White in good faith represents that this would be useful to him and his client to have this meeting, we will have this meeting.  We are aware of one case where this occurred in front of Judge Berg.  It involved a case with Pete Ko, which is how we are aware of it, and I think it was a child pornography case.  So that is the one case that we're aware of.  There might be others.

THE COURT:  Okay.  Okay.

Anything else, Mr. White?

MR. WHITE:  No, your Honor.

THE COURT:  Well, I mean, Rule 11 prohibits the Court from participating in plea discussions.  We all know that.

MR. WHITE:  Right.

THE COURT:  And it was once interpreted to mean just the district judges, but the Ninth Circuit has really clarified that and categorically bars judges from participating in plea negotiations.

Now, there are a lot of significant reasons for that, and it's to eliminate judicial pressure in these types of discussions, and it's just flat-out prohibited.  Now, having said that, it's waivable.  And the issues a waiver

raises are significant, and they go up on appeal.  I have seen -- you know, there are cases where they've gone up on appeal.  Because I did some research after I got this, because I was not aware, nor was our new chief judge aware of cases involving magistrate judges participating, because it's so categorically disfavored.

Now, whatever safeguards we could put in place for a waiver I don't think eliminates the conflict between the rule and the participation of a judge.  I commend both sides for wanting to resolve this.  I understand, as does your client, I know, Mr. White, appreciate the significance of this case, but I'm not willing to send this case to any of our magistrate judges for resolution. I have faith in you, sir.  I have faith in the Government to be able to look at this case and go forward, if you're able to, and resolve this.

I continue to hold a trial date.  If that's needed, it's there.  If it's not needed, I'm here to assist in any way possible.  It goes without saying district judges aren't going to get involved.  And as I read this, neither should a magistrate judge absent -- absent waiver, and that waiver is fraught with issues.  And for those reasons, I'm not willing to do this.  And I don't know where that leaves everybody, but that's the Court's feeling.

Now, we have a future date set, don't we, and that was a status in May -- May the 2nd at 1:30 to determine if you wanted the trial date in September.  And I understand now maybe you're not going to know, but there's still a lot of time.  This is just February.

MR. WHITE:  Right.  I do think -- and I know last time we were in court, in session, the Court expressed the fact that you're reserving some precious real estate in September.

THE COURT:  Right.  Right.

MR. WHITE:  I can tell the Court that regardless of what happens, if we go to trial I don't think September's going to be a realistic date.  I want the Court to know that.

THE COURT:  I got that sense from you the last time we were here.

MR. WHITE:  Yeah.

THE COURT:  And I also got the sense that you would like to resolve this.

MR. WHITE:  Yeah.

THE COURT:  And, as I said, I truly believe that the parties are capable of having that discussion.

MR. WHITE:  So I think what my proposal would be is to keep the status date as set.

THE COURT:  May the 2nd at 1:30.

MR. WHITE: Yes. And then I would say that we could release the trial date in September to allow the Court -- I don't want the Court holding that date and working around everybody else's schedule with me knowing that it's not a realistic date.

THE COURT: Because you can't be ready?

MR. WHITE: I can't be ready.

THE COURT: If this were to go to trial -- and it may or it may not --

MR. WHITE: Right.

THE COURT: Okay. Let me ask the Government: Is there any objection to the Court vacating the trial date? Mr. White is willing to go on record saying he can't be prepared to try this case that early, if it goes to trial.

MS. FOSTER: Understood, your Honor. Based on Mr. White's representations, given that we are in February -- as the Court knows, there's a lot of moving parts to this case. That being said, if we are going to vacate the trial date, probably the sooner the better, reschedule it for a time that is certain, to the extent that is necessary.

THE COURT: I'm going to vacate the date and take the pressure off.

MR. WHITE: Okay.

THE COURT: The other side of it is when you're

working on something, knowing that there's an end point is helpful. I don't know if you want me to set something after the first of the year, or what kind of time frame do you need?

MR. WHITE: Probably --

THE COURT: You know I'm going to work with you on this case.

MR. WHITE: Yeah, why don't we do this: Why don't we see where we are in May?

THE COURT: In May? Okay.

MR. WHITE: I'm going to be out for the month of March. I'm going to be out of the country, so I'm trying to get as much done before, and then come back full steam ahead in April.

THE COURT: Okay.

MR. WHITE: So I should have a better idea then.

THE COURT: No, that's fine with the Court.

Go ahead, Ms. Foster.

MS. FOSTER: And, your Honor, our expectation is that if we're not able to resolve this matter, we will be asking for a trial date in May.

THE COURT: Okay. Okay. I would think by May you'll have a better indication as to what's going to go on.

MS. FOSTER: Understood, your Honor.

MR. WHITE:  Yes.

THE COURT:  Okay.  Good luck.

MR. WHITE:  Thank you, your Honor.  Thank you for considering --

THE CLERK:  Wait.  Your Honor, are we terminating the motions in limine hearing as well?

THE COURT:  Oh, thank you, Adrianna.

In addition to vacating the trial date, we'll vacate the motion in limine hearing dates.

MR. WHITE:  Okay.  Perfect.  Thank you.

THE COURT:  So all we have set right now is May the 2nd at 1:30 for status.  All other dates are vacated.

MR. WHITE:  Okay.  Very good.

THE COURT:  Government's with me on that?

MS. FOSTER:  Understood, your Honor.

MR. WHITE:  Okay.

THE COURT:  Thank you.

MR. WHITE:  Thank you, your Honor.

(Proceedings concluded at 10:11 a.m.)

*C E R T I F I C A T E*

I, Stephanie Whitehead, certify that I am a duly qualified and acting Official Court Reporter for the United States District Court; that the foregoing is a true and accurate transcript of the proceedings as taken by me in the above-entitled matter on February 4, 2025; and that the format used complies with the rules and requirements of the United States Judicial Conference.

Dated:  February 13, 2026

*s/ STEPHANIE WHITEHEAD*

Stephanie Whitehead, CSR 10093
U.S. Official Court Reporter