UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

_____
                                 )
UNITED STATES OF AMERICA,        )
                                 ) Case No. 19-CR-04488-JLS
             Plaintiff,          )
                                 ) Thursday, June 5, 2025
v.                               )
                                 ) Change of Plea Hearing
MICHAEL JAMES PRATT,             )
                                 )
             Defendant.          )
_____)


BEFORE THE HONORABLE JANIS L. SAMMARTINO

UNITED STATES DISTRICT JUDGE


REPORTER'S TRANSCRIPT OF PROCEEDINGS
PAGES 1 THROUGH 21


APPEARANCES:

     For Plaintiff:   UNITED STATES ATTORNEY'S OFFICE
                      880 Front Street, Suite 6293
                      San Diego, California  92101-8807
                      BY:  ALEXANDRA FOSTER, AUSA
                      BY:  JOHN PARMLEY, AUSA

     For Defendant:   LAW OFFICE OF BRIAN J. WHITE
                      4320 Iowa Street
                      San Diego, California  92104
                      BY:  BRIAN J. WHITE, ESQ.


     Reported By:     Stephanie Whitehead, RDR, CRR, CRC, CVR
                      CSR No. 10093
                      District Court Clerk's Office
                      333 West Broadway, Suite 420
                      San Diego, California 92101

       *(Reported stenographically; transcribed via computer)*

<u>THURSDAY, JUNE 5, 2025; 9:59 A.M.</u>

\*          \*          \*

*THE CLERK:*  Matter Number 1:  19-cr-4488, United States of America v. Michael James Pratt, for change of plea hearing.

*MR. WHITE:*  Good morning, your Honor.  Brian White on behalf of Mr. Pratt.  He's present before the Court in custody.

*THE COURT:*  Good morning.

*MS. FOSTER:*  Good morning, your Honor.  Alexandra Foster and John Parmley for the United States.

*MR. PARMLEY:*  Good morning, your Honor.

*THE COURT:*  Thank you.  Good morning to you.

   Are there people on the phone?

*THE CLERK:*  Yes, they're listening in.

*THE COURT:*  So that's what we're hearing.  And those are people -- they're victims in the case?

*THE CLERK:*  Yes.

*THE COURT:*  Okay.  Go ahead.  What do you want to tell me?

*MS. FOSTER:*  That's correct, your Honor.  Your courtroom deputy allowed -- sent out an e-mail and allowed me to share it with the victims so that they could call in and listen.  It's my understanding that they're all muted, so beyond the initial beeping of the call-in, we should be

okay.

THE COURT:  Okay.  Very well.  Thank you.

We're ready to proceed, Mr. White?

MR. WHITE:  Yes, your Honor.

THE COURT:  Okay.  Thank you.

Adrianna, would you please swear in Mr. Pratt.

(Defendant sworn.)

THE CLERK:  Mr. Michael James Pratt, do you now desire to withdraw your former plea of not guilty to Counts 1 and 2 of the superseding indictment, charging you with Count 1, conspiracy to commit sex trafficking by force, fraud, and coercion, Count 2, sex trafficking by force, fraud, and coercion and plead guilty?

THE DEFENDANT:  Yes.

THE CLERK:  Counsel, do you waive further reading of the counts?

MR. WHITE:  Yes, so waived.

THE CLERK:  Mr. Michael James Pratt, how do you plead to Counts 1 and 2 of the superseding indictment, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE CLERK:  Please raise your right hand.

(Defendant sworn.)

THE CLERK:  Thank you.

THE COURT:  Mr. Pratt, do you understand that you

were just sworn under penalty of perjury, and if you fail to provide truthful answers to my questions this morning, you could face an additional prosecution, and that would be prosecution for perjury?

THE DEFENDANT:  I do.

THE COURT:  What is your full name?

THE DEFENDANT:  Michael James Pratt.

THE COURT:  And where were you born, sir?

THE DEFENDANT:  Christchurch, New Zealand.

THE COURT:  And how old are you?

THE DEFENDANT:  Forty two.

THE COURT:  How far did you go in school?

THE DEFENDANT:  High school.

THE COURT:  Okay.  Have you received a copy of the superseding indictment in this case and the charges that you're facing, sir?

THE DEFENDANT:  Yes.

THE COURT:  And you've had an opportunity to discuss those charges fully and completely with your counsel?

THE DEFENDANT:  Yes.

THE COURT:  I've been informed that you desire to change your plea to Counts 1 and 2 of the superseding indictment.  Is that correct?

THE DEFENDANT:  That's correct.

THE COURT:  I've reviewed a copy of your plea agreement, and it appears to me, Mr. Pratt, that in the lower right-hand corner of each page, you've placed your initials.

Are those, in fact, your initials?

THE DEFENDANT:  Yes.

THE COURT:  It also appears to me that on the last page of this, the final signature is your signature, Mr. Pratt.  Is that, in fact, your signature?

THE DEFENDANT:  Yes.

THE COURT:  This document tells me that you've had a full and complete opportunity to review every one of its provisions and discuss it fully and completely with Mr. White; is that correct?

THE DEFENDANT:  That's correct.

THE COURT:  Have all of your questions been answered?

THE DEFENDANT:  I believe so, yes.

THE COURT:  Before we go any further, do you have any questions that you want to ask Mr. White or ask the Court at this time?

THE DEFENDANT:  I don't think so.

THE COURT:  Okay.  Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?

THE DEFENDANT:  No.

THE COURT:  Have you consumed any medication, drugs, or alcohol within the last 72 hours?

THE DEFENDANT:  Just my regular medication.

THE COURT:  Okay.  And are you feeling well today?

THE DEFENDANT:  Yeah, I feel fine.

THE COURT:  And clear-headed?

THE DEFENDANT:  Yeah.

THE COURT:  And it's something you normally take?

THE DEFENDANT:  Every day.

THE COURT:  Okay.  And you'd agree with that, Mr. White?

MR. WHITE:  Yes, your Honor.

THE COURT:  Has anybody threatened you, or anyone near or dear to you, to cause you to enter this plea?

THE DEFENDANT:  No.

THE COURT:  Are you pleading guilty, sir, of your own free will because you are, in fact, guilty of these charges?

THE DEFENDANT:  Correct.  Yes.

THE COURT:  Has anybody promised you anything, Mr. Pratt, other than what's contained in this plea agreement, to cause you to change your plea?

THE DEFENDANT:  No.

THE COURT:  Are you a United States citizen?

THE DEFENDANT:  No.

THE COURT:  Have you discussed the possible immigration consequences of a guilty plea with your attorney?

THE DEFENDANT:  I believe I'm just getting deported, so yes.

THE COURT:  So you've discussed it?

THE DEFENDANT:  Yeah.

THE COURT:  Okay.  Do you understand that if you are not a citizen of the United States --

(Interruption in proceedings.)

THE COURT:  Can you please mute any phones that are listening in to these proceedings.

What is that?

THE CLERK:  When they join it makes a beeping sound.

THE COURT:  Oh, I see.  Okay.

Do you understand that if you're not a citizen, in addition to the other penalties that you're facing, a plea of guilty could subject you to deportation, exclusion, or voluntary departure and prevent you from obtaining United States citizenship?

THE DEFENDANT:  I do.

THE COURT:  Are you currently on probation,

parole, or supervised release from any other court?

THE DEFENDANT:  No.

THE COURT:  Do you have any state court charges currently pending against you?

THE DEFENDANT:  No.

THE COURT:  By pleading guilty, you give up a number of constitutional rights, and these rights include the right to a speedy, public jury trial, the right to confront and cross-examine witnesses, the right to remain silent or to testify at trial, if that's what you chose to do, and the right to subpoena documents and witnesses to defend the charges.

Do you understand each of these rights?

THE DEFENDANT:  I do.

THE COURT:  Do you wish to give these rights up?

THE DEFENDANT:  Yes.

THE COURT:  Do you also understand that you have the right to an attorney at all stages of the proceedings, and that if you elect to say this morning that you're not guilty, your counsel would honor that decision and defend you through all the stages of this case?

Do you understand that, Mr. Pratt?

THE DEFENDANT:  I do.

THE COURT:  Are you satisfied with your counsel, his representation, and the advice given to you in this

case by your counsel?

THE DEFENDANT:  I mean, somewhat.

THE COURT:  Well, I can under- --

THE DEFENDANT:  I mean, as long as he's going to help me through the sentencing process, then yeah.  But other than that, nothing's really been done since I've been here.  But, you know, I mean all that's in the past.  I guess I'm taking a guilty plea so it doesn't matter, but . . . .

THE COURT:  It's hard for me to hear you a little bit.

THE DEFENDANT:  Sorry.

THE COURT:  Get a little bit closer to the mic.  My question is this:  Are you satisfied with your attorney, his representation, and the advice he's given you in this case?

THE DEFENDANT:  Oh, yeah.  Yeah, I guess.  Sorry.  I misunderstood the question.

THE COURT:  I mean, you are here at a difficult moment entering a guilty plea to serious charges.  I understand that.

THE DEFENDANT:  Yeah.

THE COURT:  And I understand there's a sentencing that's going to take place, and that's another equally, if not more so, difficult moment.

So is there a concern that you have?

THE DEFENDANT:  Well, just that I'm going to get help during the sentencing process, yeah.

THE COURT:  Do you want to add anything, Mr. White?

MR. WHITE:  I think based on our conversations, your Honor, I think he's feeling apprehensive about the upcoming sentencing and what work is going to be done to prepare him for sentencing.  And he wants assurances that something will be done on his behalf.  And I've assured him that, yes, I'm not going to abandon him and not prepare for the sentencing.  So I think that was the concern.

Is that --

THE DEFENDANT:  More or less, yeah.

THE COURT:  Oh, okay.  We're in the middle of a change of plea colloquy right now, but I'll interrupt it for just a moment to tell you, at the end of this there will be a presentence report.  You and your counsel will be able to submit to the Court anything you want me to consider, as will the Government.

We'll set this on an off day.  As has happened with other defendants in this case, there are likely to be individuals who wish to address the Court in this matter, and you may present whatever you like.  You may object to

anything that's presented in the PSR, the presentence report.  And so there's another whole proceeding that takes place with the attached rights for both sides, and Mr. White will be there to assist you.

THE DEFENDANT:  Okay.

THE COURT:  So are we in a good place to proceed?

THE DEFENDANT:  I think so, yes.

THE COURT:  Okay.  So I want to ask you if you understand the nature of the charges against you.  You're charged in Count 1 with conspiracy to commit sex trafficking by force, fraud, and coercion; and the second count that you're pleading to is the actual -- what we call the substantive count, which is the sex trafficking by force, fraud, and coercion.

On the first count, it's alleged that this happened from a date unknown, but no later than approximately 2012 through October of 2019, and on the second count, on or about May of 2012.

So do you understand the basic nature of that charge?

THE DEFENDANT:  I believe so.

THE COURT:  Okay.  Do you understand if you were to exercise your right to go to trial, you would be presumed innocent and the Government would have to prove every element of these charges beyond a reasonable doubt.

Do you understand that?

THE DEFENDANT:  I do.

THE COURT:  Okay.  Ms. Foster, I'm going to ask you or Mr. Parmley to state on the record what the elements are of each offense that he's entering a plea to.

MS. FOSTER:  Sure, your Honor.  As to Count 1, which is the conspiracy to commit sex trafficking by force, fraud, and coercion, the defendant agreed with one or more persons to knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit a person to engage in a commercial sex act by force, threat of force, fraud, or coercion.  And, second, that this conspiracy was in or affecting interstate or foreign commerce.

I'm sorry.  As to Count 2, sex trafficking by force, fraud, and coercion.  The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited Victim 1; and the defendant knew or recklessly disregarded the fact that force, threats of force, fraud or coercion would be used to cause Victim 1 to engage in a commercial sex act, and the act was in or affected interstate or foreign commerce.

THE COURT:  Mr. Pratt, do you understand if you went to trial in this case, the Government would have to prove each of those elements beyond a reasonable doubt?

THE DEFENDANT:  Yeah.

*THE COURT:* Okay. There's a maximum penalty for these offenses, and the maximum penalty is as follows: With regard to Count 1, a maximum term of life in prison, a maximum of $250,000 in a fine, a mandatory special assessment of $100 per count, an additional mandatory special assessment of $5,000 per count, a term of supervised release of not less than five years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring you to serve in prison, upon revocation, all or a part of the statutory maximum of the term of supervised release.

An order from the Court, pursuant to 18 USC Section 3663(a), that defendant make mandatory restitution to the victims of the offense of the conviction or the estates of the victims, with the understanding, Mr. Pratt, that the Court shall also order restitution to persons other than the victims of the offense of the conviction as agreed to by the parties in this plea agreement.

Registration as a sex offender under the Sex Offender Registration and Notification Act, with the understanding and the acknowledgment, Mr. Pratt, that you will be required to register and keep up your -- keep your registration current in each of the following jurisdictions: Where you reside, where you're employed,

where you are a student, with the understanding that the requirements for registration include providing your name, your residence address, and the names and addresses of any places where you are or will be an employee or a student, among other information.

You must further understand that the requirement to keep the registration current, including informing at least one jurisdiction in which you reside, are an employee, or a student, not later than three business days after any change of name, residence, employment, or student status.

And the understanding that failure to comply with these registration obligations, Mr. Pratt, could subject you to prosecution for failure to register under federal law, citing 18 USC Section 2250.  And that section is punishable by fine or imprisonment or both.

The next consequence of entering your plea is potential ineligibility for federal benefits.

The next consequence is that you've been advised by counsel and understand that because you are not a citizen of the United States, your conviction in this case may have adverse immigration consequences, including removal or deportation.  You may also be denied United States citizenship and admission to the United States in the future.  Those are the penalties and consequences of

Count 1.

In Count 2, Mr. Pratt, the maximum term of imprisonment is not less than 15 years -- strike that.  I said the maximum.  The term of imprisonment may not be less than 15 years, and the maximum is a term of life in prison.  All the other consequences are the same as with Count 1.

Now, with that, Mr. Pratt, do you understand those maximums?

THE DEFENDANT:  I do.

THE COURT:  Okay.  Mr. White, would you please provide the factual basis, sir, for your client's entering of his plea.  And, again, this is in the plea agreement, starting on page 3.

MR. WHITE:  Yes, your Honor.

MS. FOSTER:  Your Honor, just --

THE COURT:  And you can do that in a number of different ways.

MS. FOSTER:  Right.  Just so that we can all, I think, proceed, given how lengthy this factual basis is -- it's set out at pages 4 through pages 8.  Given that the defendant's initials are at every page, and it's my understanding that Mr. White has reviewed them, as long as the Court is willing to take it in this manner, I would ask the Court to just ask Mr. Pratt whether he's reviewed

the factual basis on those pages and is satisfied.

THE COURT:  Okay.  Let me ask you this, Mr. White:  Have you reviewed this in detail with your client?

MR. WHITE:  Yes, your Honor.  We have.  And I would join the request to proceed in that fashion.

THE COURT:  Okay.  No, I thought that might be your preference.

Mr. Pratt, you've reviewed this plea agreement?

THE DEFENDANT:  I did.

THE COURT:  The section that begins "Factual Basis" at the bottom of page 3 -- it goes through page 4, 5, 6, 7, and almost to the bottom of 8, you've initialed all those pages?

THE DEFENDANT:  That's correct.

THE COURT:  Have you read them, sir?

THE DEFENDANT:  Yes.

THE COURT:  Do you agree with what is stated here as to what happened in this case?

THE DEFENDANT:  Yes.

THE COURT:  Is the Government satisfied with that inquiry as a factual basis for proceeding with this plea?

MS. FOSTER:  Yes, your Honor.

THE COURT:  The Court will impose a sentence, Mr. Pratt, based on factors set forth in Title 18 U.S.C.

Section 3553(a).  However, in imposing sentence, I will consult the sentencing guidelines and take them into account in determining your sentence.

Have you discussed the sentencing factors and the guidelines with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the guidelines are only advisory to the Court; they are not mandatory?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the Court could impose a sentence that's more severe or less severe than the sentence called for in the guidelines?

THE DEFENDANT:  I thought that to go outside the guidelines, there had to be a specific reason.  Is that true?

THE COURT:  Well, state that again.

THE DEFENDANT:  To go outside the guidelines, the range that was in the plea deal, there had to be a specific reason to do so, or -- is that correct?

THE COURT:  Well, the Court would articulate, certainly, the basis for any differentiation from the guideline range, yes.

THE DEFENDANT:  Okay.

THE COURT:  You've explained that to him, Mr. White?

MR. WHITE:  Yes, I have, your Honor.

THE COURT:  You understand that, Mr. Pratt?

THE DEFENDANT:  I think so.

THE COURT:  Stated differently, the Court is not bound by your plea agreement.  With justification and reasoning, the Court can go above, the Court can go below, but the Government gets to present, you get to present, and the Court has to make a decision.

So you understand that?

THE DEFENDANT:  I think so, yes.

THE COURT:  Okay.  Do you understand that if the Court follows the plea agreement and the Court sentences you within the proposed guideline range that's recommended, you may not appeal the sentence or later collaterally attack the sentence or the judgment in this case?

THE DEFENDANT:  Yes.

THE COURT:  If the Court does not follow the plea agreement and sentences you to some other term, higher or lower, you may not withdraw your guilty plea.  The sole remedy that you would have, Mr. Pratt, in that instance, is to appeal the sentence that I impose.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Counsel, have you advised your

client of the terms of the plea agreement, the charges against him, and the consequences of this plea?

*MR. WHITE:*  Yes, I have, your Honor.

*THE COURT:*  Are you aware of defenses he's giving up or violations of his constitutional rights?

*MR. WHITE:*  No, your Honor.

*THE COURT:*  Do you join in the plea?

*MR. WHITE:*  I do.

*THE COURT:*  Mr. Pratt, how do you plead to the crimes alleged in Count 1 and Count 2, in the superseding indictment before the Court, Count 1, conspiracy to commit sex trafficking by force, fraud, and coercion, and Count 2, sex trafficking by force, fraud, and coercion? How do you plead, guilty or not guilty?

*THE DEFENDANT:*  Guilty.

*THE COURT:*  The Court will accept your plea.  I find that you have freely, voluntarily, and competently entered your plea; you understand the plea agreement, the charges against you, and the consequences of this plea; there is a factual basis for this plea; and you have knowingly and intelligently waived your rights.  I think in this case I'm sure it's appropriate to have a presentence report.  And after that, and after a full sentencing hearing, the Court will impose sentence.  But you'll have a full and complete opportunity, Mr. Pratt, to

challenge the facts and recommendations that will be made in the report, or anything that the Government has to say.

And what we will do at this time is set a sentencing hearing. And I understand from my clerk that September the 8th at 9 o'clock was set for the sentencing hearing, taking into account everything that needs to be taken into account. That's an off day, and that's the date.

Is that agreeable, Mr. White?

MR. WHITE: Yes, your Honor.

THE COURT: Ms. Foster, is that agreeable?

MS. FOSTER: Yes, your Honor.

THE COURT: Okay. Is there anything further?

MR. WHITE: Nothing from me, your Honor. Thank you.

THE COURT: Thank you.

MS. FOSTER: Nothing, your Honor. Thank you.

MR. PARMLEY: Thank you very much.

MR. WHITE: Thank you.

(Proceedings concluded at 10:21 a.m.)

*C E R T I F I C A T E*


I, Stephanie Whitehead, certify that I am a duly qualified and acting Official Court Reporter for the United States District Court; that the foregoing is a true and accurate transcript of the proceedings as taken by me in the above-entitled matter on June 5, 2025; and that the format used complies with the rules and requirements of the United States Judicial Conference.


Dated:  February 12, 2026


*s/ STEPHANIE WHITEHEAD*

Stephanie Whitehead, CSR 10093
U.S. Official Court Reporter